UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DAVID CARTER,<br><br>　　　　　　　　　　Plaintiff,<br>　　　　v.<br><br>NEW YORK STATE CORRECTIONAL<br>OFFICER MCPHERSON,<br><br>　　　　　　　　　　Defendant. | NOT FOR PUBLICATION<br><br>**TRANSFER ORDER**<br><br>20-CV-278 (LDH) (LB) |

LASHANN DEARCY HALL, United States District Judge:

　　Plaintiff David Carter, appearing pro se and currently incarcerated at Great Meadow Correctional Facility ("Great Meadow") in Comstock, New York, filed the instant action pursuant to 42 U.S.C. § 1983.  Plaintiff seeks monetary damages resulting from injuries sustained as a result of Defendant's interference with medical treatment, harassment, and spreading of false rumors about him.  (Compl. ECF No. 1.)

　　Under 28 U.S.C. § 1391, a civil rights action may be brought in:

　　(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

　　Here, Plaintiff alleges that Defendant stole items from him, defamed him, and interfered when Plaintiff asked for emergency medical assistance.  (Compl. at 3–4.)  Because the acts or omissions giving rise to Plaintiff's claims occurred at Great Meadow in Comstock, New York,

1

which is located within the Northern District of New York, the action is appropriately brought in that judicial district.  28 U.S.C. §1391(b)(1).  Therefore, transfer of this action is appropriate pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Northern District of New York.  28 U.S.C. §§ 1391(b); 1404(a).  No summons shall issue from this Court.  The Court notes that Plaintiff failed to sign the complaint, to file a request to proceed *in forma pauperis*, and to submit a Prison Litigation Reform Act authorization form.  The Court waives Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay before effectuating the transfer.

SO ORDERED.

/s LDH_____
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
April 30, 2020